TAYLOR, Judge.
The appellant, Clifton David Howell, was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975, and was sentenced to 15 years’ imprisonment.
Section 13A-6-61 provides in pertinent part that “[a] male commits the crime of rape in the first degree if ... [h]e engages in sexual intercourse with a female by forcible compulsion.” The term “forcible compulsion” is defined in § 13A-6-60(8) as “[physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.”
The appellant contends that the circuit court erred in denying his motion for a judg *1257 ment of acquittal made at the close of the state’s case. Specifically, the appellant argues that the state failed to prove the element of forcible compulsion.
The state’s evidence presented at trial tended to show that the appellant and his stepdaughter, S.B., had sexual intercourse in August or September 1981, in Phenix City, Alabama. S.B. was 20 years old and a senior in college at that time. This incident formed the basis of the appellant’s conviction for rape.
S.B. testified that the appellant “made” her go into the bedroom and take off her clothes and that he then “raped” her. However, she also stated that the appellant did not restrain her in any way or use any weapon to threaten her. When asked how the appellant “made” her go into the bedroom with him on this occasion, S.B. began to tell how the appellant had forced her to submit to sexual relations with him when she was younger and they were living in Tallahassee, Florida, stating:
“[Ajnytime I would tell him I didn’t want him to do that, a couple of times he hit me and a lot of times he might not do anything then, but then he would start being angry with me and angry with my mom and my sister and they wouldn’t know why he was angry. But sometimes he would tell me that he would see me burn in hell before he would allow me to break up the family, and that by not letting him do what he wanted to, that I was breaking up the family.”
An objection was sustained to a question asking the appellant whether S.B. had instituted criminal proceedings against him in Florida arising out of these earlier incidents.
The state failed to present even the slightest bit of evidence that the appellant used any physical force or threats of immediate death or serious physical injury to compel S.B. to have sexual intercourse with him in August or September 1981.
The Alabama Supreme Court held in Powe v. State, 597 So.2d 721 (Ala.1991), that an implied threat may be inferred by the jury when an adult, in a position of authority, with regard to a child, is accused of sexually assaulting that child. The Powe court stated, however:
“At this point ... we note that our holding in this case is limited to cases concerning the sexual assault of children by adults with whom the children are in a relationship of trust. The reason for the distinction between cases involving children as victims and those involving adults as victims is the great influence and control that an adult who plays a dominant role in a child’s life may exert over the child. When a defendant who plays an authoritative role in a child’s world instructs .the child to submit to certain acts, an implied threat of some sort of disciplinary action accompanies the instruction. If the victim is young, inexperienced, and perhaps ignorant of the “wrongness” of the conduct, the child may submit to the acts because the child assumes that the conduct is acceptable or because the child does not have the capacity to refuse. Moreover, fear of the parent resulting from love or respect may play a role as great as or greater than that played by fear of threats of serious bodily harm in coercing a child to submit to a sexual act.”
597 So.2d at 728-29.
Here, S.B. was 20 years old and had completed her junior year of college when the incident complained of in this case occurred. Powe is simply not applicable under these facts.
It may be true that the appellant forced S.B. to have sex with him when she was younger and they were living in Florida. That question, however, is not before this court. The issue that is before this court is whether the state presented sufficient evidence to support a conviction for rape in the first degree of S.B. by the appellant in Phe-nix City, Alabama, in August or September 1981. The state failed to provide any evidence that the appellant used forcible compulsion to engage in sexual intercourse with S.B. in the state of Alabama. The circuit court!erred in refusing to grant the appellant’s motion for a judgment of acquittal.
For the foregoing reasons, the judgment in this cause is due to be reversed and a judgment rendered for the appellant.
*1258 REVERSED AND JUDGMENT RENDERED.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., dissents and MONTIEL, J., joins in dissent.